WESTERMAN LAW CORP.
Jeff S. Westerman (SBN 94559)
jwesterman@jswlegal.com
1875 Century Park East, Suite 2200
Los Angeles, CA 90067
Tel: (310) 698-7880
Fax: (310) 698-7452

CONSUMER LAW GROUP OF CALIFORNIA
Alan M. Mansfield (SBN 125998)
alan@clgca.com
16870 W. Bernardo Dr., Suite 400
San Diego, CA 92127
Tel: (619) 308-5034
Fax: (855) 274-1888

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| **CASEY THORNTON and CARL JONES, individually and on behalf of all others similarly situated,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**MICRO-STAR INTERNATIONAL CO., LTD.; MSI COMPUTER CORP.; and DOES 1-25,**<br><br>**Defendants.** | **CASE NO.: CV-17-3231**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR:**<br><br>1) **BREACH OF CONTRACT AND WARRANTY;**<br><br>2) **VIOLATION OF CAL. CIVIL CODE § 1750, *ET SEQ*.;**<br><br>3) **VIOLATION OF CAL. BUS. & PROF. CODE § 17200, *ET SEQ*. ("UNFAIR" PRACTICES);**<br><br>4) **VIOLATION OF CAL. BUS. & PROF. CODE § 17200, *ET SEQ*. ("DECEPTIVE" PRACTICES);**<br><br>5) **VIOLATION OF CAL. BUS & PROF. CODE § 17200, *ET SEQ*. ("UNLAWFUL" PRACTICES);**<br><br>6) **COMMON COUNTS – ASSUMPSIT, RESTITUTION, UNJUST ENRICHMENT AND QUASI-CONTRACT; and**<br><br>7) **VIOLATION OF CAL. BUS. & PROF. CODE § 17500, *ET SEQ*. (MISLEADING ADVERTISING)** |

## DEMAND FOR JURY TRIAL

Plaintiffs, Casey Thornton and Carl Jones ("Plaintiffs"), on behalf of themselves and all others similarly situated, by and through undersigned counsel, hereby file this Class Action Complaint against Defendants Micro-Star International Co., Ltd., MSI Computer Corp. and DOES 1-25 (collectively "Defendants" or "MSI"), and allege as follows on information and belief (except for information as to the individual Plaintiffs specifically identified as being based on personal knowledge), which allegations are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery:

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 class members and the aggregate amount in controversy exceeds $5,000,000, exclusive of interest, fees, and costs, and at least one Class member is a citizen of a state different from Defendants. This Court also has supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367.

2.      This Court has personal jurisdiction over Defendants because Defendants are based in California, have sufficient minimum contacts with California, either directly or through their subsidiaries, and/or have otherwise purposely availed themselves of the markets in California through the promotion, marketing, and sale of their products and services in California, for distribution both throughout and from California, and are otherwise based here, to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

3.      Venue is proper in this District under 28 U.S.C. § 1391 because Defendants maintain substantial operations in this District, many Class members either reside or engaged in transactions in this District, Defendants engaged in business and made representations in this District, and a substantial part of the events or omissions giving rise to the claims at issue occurred in this District.

## PARTIES

CLASS ACTION COMPLAINT

4.    On personal knowledge, Plaintiff Casey Thornton resides in San Diego County, California. Plaintiff Thornton purchased an MSI GT72 series laptop computer at Fry's Electronics in San Diego, California for approximately $1,600 in or about November 2015.

5.    On personal knowledge, Plaintiff Carl Jones resides in Santa Clara County, California. Plaintiff Jones purchased an MSI GT80 series laptop computer online through Amazon.com for approximately $3,000 in or about January 2016.

6.    On personal knowledge, Plaintiffs purchased these products for personal use and not for purposes of resale or distribution. Upon viewing website advertisements and/or publicly available information for these laptops as well as third party reviewers' websites and fora (such as forum.notebookreview.com) repeating the specifications provided by Defendants, Plaintiffs purchased the laptops in question. A material factor in their deciding to purchase these laptop computers was the represented capability of these laptops to be upgraded to one or more later generations of NVIDIA GPUs. When the new 1000 series of GTX GPUs produced by NVIDIA came on the market in 2016, they decided to upgrade their laptops. Plaintiffs subsequently learned that they could not do so, due to the material misrepresented or undisclosed fact that these laptops were not in fact upgradeable to the next generation of NVIDIA GPUs. In the Fall of 2016, Plaintiffs or their representatives contacted Defendants' representatives about the ability to return their laptops, but were told that there was no refund option. Because Defendants refused to offer Plaintiffs a full refund when they made such a request, Plaintiffs now own laptops for which they overpaid. Plaintiffs would not have purchased these laptops at the prices they did had the true facts been timely disclosed by Defendants. Plaintiffs must purchase another computer for more money to obtain the promised upgrade capability, as compared to several hundred dollars to purchase an upgraded NVIDIA GPU, to obtain the benefit of their bargain. Plaintiffs have also spent months and considerable time and resources attempting to resolve these issues without the need to seek court intervention, without success. Plaintiffs have therefore suffered a loss of money or property and suffered damage as a result of

3

Defendants' illegal business acts and practices.

7.    Defendant Micro-Star International Co., Ltd. is a foreign corporation, and the parent company of MSI Computer Corp. It operates the interactive website that promoted and provided specifications for the products at issue and is apparently also involved in the design of the laptops at issue. Defendant MSI Computer Corp. is a corporation organized and existing under the laws of the State of California and whose principal place of business and headquarters is in the State of California and this District. MSI Computer Corp. is also engaged in the business of designing, manufacturing, selling and distributing computers, including the GT series of laptop computers at issue here. Defendants develop and ship their products, including these laptop computers, to purchasers, resellers and distributors in and from California, maintain a direct sales force in California, sell their products through retail outlets in California, and create the specifications, advertisements and reviewers' guides for their products in and disseminates them from California.

8.    The true and precise names, roles and capacities of Defendants named as Does 1 through 25, inclusive, are currently unknown to Plaintiffs and, therefore, are designated and named as Defendants under fictitious names. Plaintiffs will identify their true identities and their involvement in the wrongdoing at issue if and when they become known. Defendants' conduct described herein was undertaken or authorized by officers or managing agents who were responsible for supervision and operations decisions relating to the design, manufacture, distribution, marketing, advertising and/or sale by Defendants of the MSI laptops here at issue. At all times relevant hereto, Defendants were engaged in the business of designing, manufacturing, distributing and/or selling, either directly or indirectly through third parties, these series of laptops throughout and from California. The described conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants in substantial part in and from California. Defendants further had advance knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and/or approved by said managing agents.

CLASS ACTION COMPLAINT

9.     Each of the above named Defendants acted in concert and both aided and abetted and conspired with each other not to disclose the material facts stated herein, with such conduct authorized and/or acted on by and through their officers, employees, agents, servants, and/or representatives. Defendants have engaged in a calculated and coordinated campaign of silence despite their knowledge of the growing public acceptance of misinformation and misrepresentations of Defendants regarding the failure of such products to conform with specifically represented characteristics of these laptops.

10.     Each reference made in this Complaint to any corporate Defendant in this Complaint includes its predecessors, successors, parents, subsidiaries, affiliates, and divisions of the corporation for the corresponding time period in any way involved in the design, manufacture, promotion, distribution and/or sale of these laptops.

## SUMMARY OF FACTS

11.     This is a class action lawsuit brought on behalf of consumers who purchased the GT 72 or GT 80 series of gaming laptops designed, manufactured, distributed, promoted and/or sold by Defendants since November 2014 (hereinafter "GT 72/80 laptops").[1] MSI uniformly represented and agreed that the GT 72/80 laptops would be upgradeable to higher end graphics cards manufactured by NVIDIA Corp. ("NVIDIA"). Specifically, as part of MSI's marketing scheme, promotion and advertising for the GT 72/80 laptops, MSI uniformly stated through their website, reviewers' guides, product documentation and user fora that the GT 72/80 laptops would be able to be upgraded from NVIDIA GTX 970 and 980 GPUs, which were included with these laptops, to up to two later generation NVIDIA GPUs. Defendants' marketing of the GT 72/80 laptops was intended to and did create the reasonable expectation among purchasers that these laptops were, in fact, able to conform with these specifications.

---

[1]  These models include the GT72 series models and the GT80 series models of gaming laptop computers manufactured and offered for sale by MSI, and all sub-model versions. Plaintiffs reserve the right to add additional models as investigation and discovery progresses.

12. This was not in fact true and/or Defendants omitted material facts to the contrary. In reality, as MSI has admitted, the GT 72/80 laptops cannot be upgraded from the GTX 970 or 980 NVIDIA GPUs to the present 1000 series of NVIDIA Pascal GE Force GTX GPUs. Defendants thus engaged in a scheme to mislead consumers about the characteristics, qualities and benefits of the GT 72/80 laptops by representing that the laptops could be upgraded through up to two generations of GTX series of NVIDIA GPUs when in fact they cannot be upgraded to even one. Even if consumers take advantage of any offers from MSI, there is no indication that the "upgraded" computer will be able to be upgraded to another generation of GPUs developed by NVIDIA, as previously represented. MSI has so far failed and refused to remediate this issue to ensure consumers receive the full benefit of their bargain prior to filing this Complaint despite demand therefor, necessitating this action.

13. Further, each Defendant concealed material facts concerning the truth about the GT 72/80 laptops' upgrade capabilities, or the lack thereof. Consumers were uniformly exposed to Defendants' marketing scheme and paid a price premium for these laptops.

14. Defendants designed, developed, manufactured, marketed, and/or sold the GT 72/80 series of laptops, and sold them directly online as well. The GT 72/80 laptops were first released on the consumer market in or about November 2014, with MSI making available at that time several reviewers guides about the benefits and characteristics of these laptops. Defendants were also involved in the creation and dissemination of the misleading marketing campaign regarding the upgradeability of the GT 72/80 laptops and/or each Defendant was involved in or profited from the sales of same.

15. Beginning in or about November 2014, Defendants uniformly marketed, advertised, sold, and disseminated, or permitted the dissemination of, information that represented the GT 72/80 series of laptops have specific capabilities. Specifically, Defendants, both directly through their sales force and through third-party reviewers and reviewers' guides such as located at *forum.notebookreview.com*, represented that the GT 72/80 laptops could be upgraded to up to two generations of NVIDIA GPUs, from the

GTX 970/980 series of GPUs installed in those laptops to later generations of NVIDIA GPUs. In addition to such advertisements and promotional materials, many of these GT 72/80 laptops came with a written upgrade offer and agreement, where MSI agreed in writing to provide a GPU upgrade to all consumers who wished to later upgrade their present GPU:

> "MSI is the first and the only one in the market to offer MXM Graphics Card Upgrade Kit, making the dream of future updates come true. Whenever the next generation GPU is out in the market, you get to experience the most up-to-date gaming effects *by simply replacing the GPU module*." (See Ex. 1, incorporated herein by reference, emphasis added.)

16.    In addition, on-line reports from reviewers as early as November 2014 who spoke with MSI representatives, and published video reviewer reports on-line with MSI representatives present, confirmed that MSI uniformly represented the GT 72/80 series laptops could incorporate up to two generations of NVIDIA GPU upgrades and were easily upgradable.

17.    These were material statements, both to Plaintiffs and presumptively to members of the Class. The gaming laptop community is typically interested in the specifications of these types of laptop computers because of the rapidly growing bandwidth used in video game design. Thus, a gaming laptop can become obsolete in two years or less based on rapid changes in GPU processing speed and capability and video game graphics processing demands, driven in part by advances such as 4K graphics technology. A gaming laptop typically costs well over a thousand dollars, whereas a new GPU only costs several hundred dollars. Defendants could advertise and charge a price premium for the GT 72/80 laptops because, due to the rapid changes in video game design and processor technology, even if these laptops might cost more upfront, the overall cost would be less if they could be upgraded for up to two generations of NVIDIA GPUs as compared to purchasing two new gaming laptop computers. Indeed, MSI's own representatives publicly stated on *notebookreview.com* in August 2016, where they

CLASS ACTION COMPLAINT

admitted this error, they personally made the decision to purchase this laptop for this specific characteristic, "hoping to extend the life of my laptop, so we feel your frustration."

18.    Because of limitations in its design, MSI GT 72/80 laptops can only use NVIDIA series GPUs. Reviewer videos showed this was a simple upgrade to perform, literally taking out the old GPU and replacing it with a new GPU.

19.    In positive response to such representations and unaware of omissions of material facts to the contrary, Plaintiffs paid over $1,600 for their laptops, a premium over other comparable laptops. Some Class members paid up to $5,000 for various iterations of the GT 72/80 laptops.

20.    Despite Defendants' uniform representations to the contrary, the GT 72/80 series of laptops do not provide these advertised and promised benefits in actual use. Beginning in early 2016, NVIDIA made available the GE Force GTX 1000 series of NVIDIA GPUs. MSI has since admitted the design of the laptops will not permit an upgrade to these series of GPUs. In response to Plaintiffs' pre-litigation demands they admitted in November 2016 "MSI originally planned to honor our agreement to provide an upgrade kit option to all those who wished to upgrade graphics card. Due to unforeseen hardware limitation with the new NVIDIA GeForce 10-series graphic card, we were not able to provide this [upgrade] option."

21.    Even this claim is misleading. According to Defendants' website, MSI designs and manufactures 100% of their products in-house. MSI also designs and manufactures stand-alone GPUs, including those based on NVIDIA GPU platforms. During the early part of 2016, MSI offered for sale their own versions of the GE Force GTX 1000 series of GPUs. Based on this line of business and their internal R&D operations, Defendants would have necessarily had in their possession months before official release of the new generation of NVIDIA GPUs the design specifications of the next generation of NVIDIA GPUs. Such information would have let Defendants know during a significant portion of the time they were representing these laptops were

upgradable to the next generation of NVIDIA GPUs that such statements about the upgradability of such laptops to later generations of NVIDIA GPUs were misleading.

22.    In addition, NVIDIA provides its GPU design specifications to computer and GPU manufacturers months before actual public release of these devices. NVIDIA announced the release of the GE Force GTX 1000 series of GPUs as early as June 2015. Thus, at or about the time Defendants were selling these laptops to Plaintiffs and most Class members, Defendants would have had access to the specifications for the next generation of NVIDIA GPUs from NVIDIA. Far from being "unforeseen", Defendants in all likelihood had information in their possession for most of the time they were selling these laptops that the GT 72/80 laptops could not in fact be upgradable to the next generation of NVIDIA GPUs, and thus omitted material facts to the contrary in their possession and not generally available to the public. Defendants have further failed to engage in a corrective advertising campaign to correct the misperceptions created by their original conduct, nor made any significant effort to withdraw or correct these original specifications.

23.    As a result, Defendants uniformly failed to disclose the true specifications of the GT 72/80 series of laptops, despite likely having evidence to the contrary in their exclusive possession and control that these laptops would not be upgradable to later generation NVIDIA GPUs during the majority of the time they were offering these laptops to the public. The affirmative mis-statements made either directly or indirectly by Defendants about being able to upgrade these laptops as set forth above, plus Defendants' uniform omission of the material fact that the GT 72/80 series of laptops could not in fact be upgraded to later generation GPUs, was likely to be and/or is material and misleading to reasonable consumers who were targeted by Defendants into purchasing these types of gaming laptops.

24.    Because the claims at issue were included in advertisements, marketing, reviewers guides and documents and agreements accompanying the laptops, a reasonable consumer purchasing these gaming laptops would likely be misled into believing the GT

72/80 series of laptops could in fact be upgraded to up to two later generation NVIDIA GPUs, when that was not in fact the case. Defendants' misrepresentations and omissions alleged herein are the type that would be material to typical product purchasers, *i.e.*, a reasonable person interested in purchasing these types of video gaming laptops would attach importance to being told they would in the long run save money by purchasing a GT 72/80 laptop, being able to upgrade it by only needing to purchase a later generation NVIDIA GPU rather than purchase one or two more laptops. They thus would be induced to act positively on that information in making their purchase decisions, at least in material part, as MSI representatives have conceded.

25.    Class members were exposed to Defendants' misrepresentations and omissions of material fact regarding this upgradeability characteristic and purchased at least one GT 72/80 laptop in response to Defendants' deceptive marketing scheme. As they purchased these devices at the prices they did in substantial part based on the false belief that these computers would be upgradable and function as advertised, such claims were a substantial factor in the decisions of Plaintiffs and others to do so at the prices they paid. Consumers ultimately paid a premium for these devices. Plaintiffs and the Class were thus sold products that do not perform or possess the capabilities, uses or benefits advertised and represented, and have not received the benefit of their bargain. Consumers who purchased an MSI GT 72/80 laptop that supposedly was upgradeable to later generation NVIDIA GPUs but cannot be upgraded, and now must pay more to do so, have thus been injured in fact or suffered damage as a result of this conduct, as they

///

did not receive the product they paid for in terms of possessing the upgradeability characteristics set forth above.

26.    Months before filing this action, both Plaintiff Jones and his counsel made several pre-litigation demands to MSI asking Defendants offer an appropriate refund, replacement or other remedy and provide notice to all affected consumers to correct the problem and make their customers whole. Instead, at least in part in response to Plaintiffs'

pre-litigation demands, MSI representatives have offered to extend a trade-in program to some individuals. This proposal is unfair to MSI customers because not only does it require them to pay MSI significantly more money to achieve the benefits of the original bargain MSI promised them and that they purchased, but also the offer is only to sell them a "replacement" computer with different and in some cases fewer options. MSI also has not widely publicized this inadequate option, and only makes it available on an individual basis.

27.     As MSI recently admitted in response to Plaintiffs' pre-litigation demands, these laptops cannot presently be upgraded from the GTX 970 or 980 GPU to later generation NVIDIA GPUs. In August 2016 MSI reconfigured its laptop line to incorporate these later generation GPUs by changing the power source, the motherboard and thermal configurations. At that time, Defendants admitted that while they had previously agreed the GT 72/80 laptops could be upgraded to later generations of NVIDIA GPUs, they were unable to honor that commitment, and that such an upgrade was no longer "recommended". However, rather than fix the problem or offer appropriate relief, MSI representatives publicly tried to use their failure as a further selling opportunity on-line: "for the next generation graphics experience, please consider our new products and enjoy the tremendous performance enhancements."

28.     Since that time, Defendants have been extending their trade-in program to some individuals whereby they can obtain a "reconfigured" computer that is capable of utilizing the next generation NVIDIA GPU. However, they require a customer to pay a premium of at least $600 to over $2,000 to utilize this option – more than the cost of a replacement GPU. These computers also remove key features of the original laptop computers, such as an SSD slot. MSI also has refused to extend this offer affirmatively to all Class members, only made it available on an individual basis, and claimed consumers only had until October 2016 (and later, in response to Plaintiffs' demand until December 2016 or later) to agree to take this option. Even if consumers take advantage of any upgrade offer, there is also no indication that the "upgraded" computer will be able to be

upgraded to another future generation of GPUs developed by NVIDIA, as originally represented by Defendants for the laptop computers Plaintiffs purchased. Indeed, as part of this "offer" MSI claims consumers can "skip" the current GPU generation upgrade and wait for the next generation of NVIDIA GPUs – reinforcing their prior representation that the GT 72/80 laptops would be capable of being upgraded to multiple generations of NVIDIA GPUs. Plaintiffs and Class members still cannot receive the benefit of their original bargain under MSI's current proposals.

29.    Despite being aware of the actual specifications of the GT 72/80 laptops, as well as the subsequent development of the GE Force GTX 1000 series of GPUs and their design specifications, months before the release of the later generation NVIDIA GPUs in early 2016, Defendants advertised, marketed, and/or sold the GT 72/80 laptops to consumers by advertising characteristics, uses and benefits as to the upgradeability of these laptops that were false, misleading, and/or likely to mislead consumers.

30.    Further, despite Defendants' admissions, these devices are marketed without either affirmatively disclosing these material limitations or having engaged in a corrective promotional campaign to correct their previous misstatements. Such conduct is on-going.

31.    Plaintiffs and/or the Class members they seek to represent suffered damage, injury and/or a loss of money or property as a result of such conduct. Plaintiffs thus seek damages, injunctive and equitable relief, attorneys' fees and costs and all other relief as permitted by law on behalf of themselves and all others similarly situated as applicable to the causes of action set forth herein.

## CLASS ACTION ALLEGATIONS

32.    Plaintiffs bring this action on behalf of themselves and all others similarly situated as members of a proposed class ("Class"), defined as follows:

> All persons who purchased a GT 72/80 series of laptop computer at retail and not solely for purposes of resale or distribution since November 2014.

Excluded from the Class are the following:

CLASS ACTION COMPLAINT

a. All assigned judicial officers, staff and their families; and

b. Defendants and any of their officers, directors, and employees.

33. This action is brought and may properly be maintained as a class action as this action satisfies the numerosity, commonality, typicality, adequacy, predominance, and/or superiority requirements for proceeding on a class-wide basis.

34. The Class is so numerous that the individual joinder of all members is impracticable. While the exact number of Class members is currently unknown and can only be ascertained through appropriate discovery, Plaintiffs believe that the Class includes tens of thousands of individuals.

35. Common legal and factual questions exist and predominate over any questions affecting only individual Class members. These common questions, which do not vary among Class members and which may be determined without reference to Class member's individual circumstances, include, but are not limited to:

a. Whether Defendants' representations regarding the GT 72/80 laptops as set forth above were false or misleading or reasonably likely to deceive customers targeted by such statements;

b. Whether Defendants had no adequate factual basis for making their claims prior to making them and when Defendants became aware their claims were false and misleading;

c. Whether Defendants' failure to disclose that the GT 72/80 laptops did not perform as advertised in terms of their failure to be upgradable to later generation NVIDIA GPUs was material and would be likely to mislead a reasonable consumer;

d. Whether the GT 72/80 laptops perform as advertised and represented in terms of their upgrade capabilities;

e. Whether Defendants were able to charge a price premium for the GT 72/80 laptops and the amount thereof;

CLASS ACTION COMPLAINT

f.   Whether Defendants' entered into and breached agreements or warranties that are either express or implied by law or equity;

g.   Whether Defendants engaged in unfair, unlawful, and/or deceptive business practices regarding the GT 72/80 laptops in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*;

h.   Whether Defendants represented, through words or conduct, that the laptops provided benefits that they did not actually have in violation of Cal. Bus. & Prof. Code § 17200, *et seq*. and § 17500, *et seq*., as well as the Consumers Legal Remedies Act; and

i.   Whether Plaintiffs and the Class have been injured by the wrongs complained of herein, whether Plaintiffs and the Class are entitled to injunctive and/or other equitable relief, including damages, restitution, disgorgement or other applicable remedies, and if so, the nature and amount of such relief.

36.   Based on the allegations set forth above, Plaintiffs' claims are typical of the Class members' claims. Defendants' common course of conduct caused Plaintiffs and Class members similar harm. Likewise, Plaintiffs and other Class members can prove the same common nucleus of operative facts in order to establish Defendants' liability for the same claims.

37.   Plaintiffs are adequate Class representatives because they are members of the proposed Class and their interests do not irreconcilably conflict with other Class members' interests. Plaintiffs have retained counsel competent and experienced in consumer protection class actions, and Plaintiffs and counsel intend to prosecute this action vigorously for the Class's benefit. Plaintiffs and counsel will fairly and adequately protect the Class members' interests.

38.   Defendants have acted or refused to act, with respect to some or all issues presented in this Complaint, on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

39.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation and would provide substantial benefits to members of the Class because individual litigation of each Class member's claim is impracticable. Even if each Class member could afford to bring individual actions, the court system could not as it would be unduly burdensome for thousands of individual cases to proceed. Individual litigation also presents the potential for inconsistent or contradictory judgments, the prospect of a race to the courthouse, and the risk of an inequitable allocation of recovery among those with equally meritorious claims. Individual litigation would increase the expense and delay to all parties and the courts because it requires individual resolution of common legal and factual questions. By contrast, the class action device presents far fewer management difficulties and provides the benefit of a single adjudication, economies of scale, and comprehensive supervision by a single court and thus is manageable.

## CAUSES OF ACTION

## FIRST CLAIM FOR RELIEF

### Breach of Contract and Warranty

40.    Plaintiffs, individually and on behalf of the Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Complaint.

41.    In written materials accompanying the GT 72/80 laptops and/or in product advertising, MSI expressly offered and agreed that these laptops could be upgradeable to two later generations of NVIDIA GPUs only by having to pay the cost of the new GPU. Plaintiffs and Class members accepted this offer and paid consideration therefor. Representatives of MSI have recognized and admitted that MSI has made this promise to, and agreement with, Plaintiffs and all Class members, yet now claim they cannot honor that commitment and agreement.

42.    In addition, as a result of both written express warranties accompanying these laptops and warranties implied by law and through product advertising that focused on the specific characteristics at issue here, for which Plaintiffs and Class members positively acted and were the ultimate intended beneficiaries, the GT 72/80 series of laptops were to

conform to the promises made by Defendants, be merchantable and pass without objection in the trade and industry and perform consistent with their specified represented purpose (i.e., be upgradeable to later generation NVIDIA GPUs).

43.    As set forth in detail above, Defendants have breached these agreements and warranties and are unable or unwilling to honor such agreements and warranties. Plaintiffs and Class members thus are unable to receive the benefit of their bargain.

44.    Defendants by these agreements and warranties bound themselves to an agreement to provide laptop computers that can be upgraded to later generation NVIDIA GPUs. Under California law, Defendants are not relieved of their contractual obligation because of their alleged inability to secure cooperation to resolve this issue, and their failure to do so does not excuse the nonperformance of a contract. Moreover, performance of this contractual commitment is possible by Defendants providing a replacement computer at no added cost other than the cost of a later generation GPU. Since such performance is not inherently impossible, and there was an unconditional promise to perform made by Defendants as set forth above, Defendants' nonperformance is a breach where the Defendants claim they are unable to perform their agreements, even though the appropriate remedy is within their control (i.e., replacing a nonconforming product with a conforming one at no additional cost or offering refunds).

45.    Defendants have attempted to renege on their original agreements by claiming they would only offer consumers the ability to receive another computer if consumers agreed to pay more money to Defendants -- between $600 and $2,000 – which is more than the cost of a next generation NVIDIA GPU. They also only addressed one subsequent generation of GPU, not the originally promised two generations, and then offered computers containing less features than those originally purchased. Defendants also only offered to do so for a limited time, and only to specific individuals. Defendants cannot properly alter their original agreement by placing such unreasonable limitations thereon.

CLASS ACTION COMPLAINT

46.   As a result of this breach, Plaintiffs and Class members have been damaged. They are entitled to a computer that actually conforms with Defendants' original agreements at no additional cost other than the cost of a replacement GPU, be given the ability to return their computers for repayment, or are entitled to damages to compensate them for the loss of the benefit of their bargain in terms of presently having a computer that is not capable of being upgraded to future generation NVIDIA GPUs, both as presently available and for future versions of such GPUs, as compared to a computer that conforms with such promises. Plaintiffs also seek appropriate declaratory relief as to the parties' rights and obligations as permitted pursuant to Cal. Code Civ. Proc. § 1060.

47.   Prior to the filing of this Complaint, Plaintiffs and/or their representatives made a demand to Defendants that they comply with these agreements and offer all appropriate remedies available under the law to all affected Class members. Defendants failed and/or refused to do so, necessitating this action.

## SECOND CLAIM FOR RELIEF

### Violation of California's Consumers Legal Remedies Act,
### Cal. Civil Code § 1750, *et seq.*

48.   Plaintiffs, individually and on behalf of the Class, incorporate by reference all of the allegations contained in the preceding paragraphs of this Complaint.

49.   Plaintiffs bring this claim individually and on behalf of the members of the proposed Class against all Defendants.

50.   California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1770(a)(5), prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."

51.   Cal. Civ. Code § 1770(a)(7) prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

52.     Cal. Civ. Code § 1770(a)(14) prohibits "[r]epresenting that a transaction confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law."

53.     Cal. Civ. Code § 1770(a)(16) prohibits "[r]epresenting that the subject of a transaction has been supplied in accordance with a previous representation when it has not."

54.     Defendants violated at least these provisions of the CLRA based on the misrepresentations and omissions of material fact set forth above.

55.     Plaintiffs and the Class suffered damage as a result of the acts and omissions of Defendants. It can be reasonably presumed based on the materiality of the misrepresentations and omitted facts at issue herein and as set forth above that Plaintiffs and Class members would not have purchased the GT 72/80 laptops at the prices that they did if the true facts about the failure of the GT 72/80 to be able to be upgraded to later generations of NVIDIA GPUs had been timely disclosed.

56.     More than 30 days prior to filing this Complaint including this Count, CLRA notice letters were served that complied in all respects with California Civil Code § 1782(a). In response, while Defendants have tried to pick off individual consumers with inadequate remedies, they have failed to provide notice to all affected consumers of the relief required under the CLRA of a full repair, replacement or other remedy, as requested in these demand letters and required under the CLRA.

57.     Plaintiffs therefore seek actual, statutory and exemplary damages, restitution, injunctive relief, costs, attorneys' fees, and all other relief that may be requested for Defendants' violation of the CLRA.

## THIRD CLAIM FOR RELIEF

### Violation of Cal. Bus. & Prof. Code § 17200, *et seq*. – "Unfair" Business Practices

58.     Plaintiffs, individually and on behalf of the Class, incorporate by reference all of the allegations contained in paragraphs 1 through 57 of this Complaint.

59.    Plaintiffs have standing to pursue this claim as Plaintiffs have suffered injury in fact and have lost money or property as a result of Defendants' actions, as set forth above.

60.    Defendants' actions as alleged in this Complaint constitute "unfair" business practices within the meaning of California Business and Professions Code § 17200, *et seq.*

61.    Defendants' business practices, as alleged herein, are "unfair" because they offend established public policy and/or are immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to their customers. Additionally, Defendants' conduct is "unfair" because Defendants' conduct violated legislatively declared policies not to engage in misleading and deceptive conduct. Defendants misled consumers into believing that the GT 72/80 laptops had capabilities to be upgraded when, in fact, they did not. Defendants also concealed material facts to the contrary from consumers.

62.    As a result of Defendants' "unfair" business practices, Plaintiffs and members of the Class spent money on the GT 72/80 laptops that they would not otherwise have spent at the amounts charged by Defendants, and did not receive the two generations of NVIDIA GPU upgrade capabilities promised by Defendants.

63.    Defendants' unfair business practices alleged herein constitute a continuing course of unfair competition.

/ / /

64.    Plaintiffs and the Class seek an order for injunctive relief to benefit the public, including a corrective advertising campaign, requiring Defendants to make full disgorgement and restitution of all monies wrongfully obtained from Plaintiffs and the Class, and all other relief permitted under Bus. & Prof. Code § 17200, *et seq.*

## FOURTH CLAIM FOR RELIEF

### Violation of Cal. Bus. & Prof. Code § 17200, *et seq.* – "Deceptive" Business Practices

65.    Plaintiffs, individually and on behalf of the Class, incorporate by reference all of the allegations contained in paragraphs 1 through 57 of this Complaint.

19

66.     Plaintiffs have standing to pursue this claim as Plaintiffs have suffered injury in fact and have lost money or property as a result of Defendants' actions as set forth above.

67.     Defendants' actions as alleged in this complaint constitute "deceptive" business practices within the meaning of California Business and Professions Code § 17200, *et seq*. Plaintiffs do not allege a claim of common law fraud nor any claim in this Cause of Action that requires proof of intent.

68.     Defendants' business practices, as alleged herein, are "deceptive" because they were and are likely to deceive consumers, including Plaintiffs and members of the Class, targeted by such statements and omissions of material fact.

69.     Defendants failed to disclose material information to purchasers of the GT 72/80 series of laptops by concealing the material fact that these laptops cannot actually be upgraded to later generations of NVIDIA GPUs, as originally represented.

70.     As a result of Defendants' "deceptive" conduct, Plaintiffs and members of the Class spent money on GT 72/80 series of laptops that they would not otherwise have spent at the levels that they did and did not obtain the upgrade capabilities promised by Defendants.

71.     Defendants' deceptive business practices alleged herein constituted a continuing course of unfair competition.

72.     Plaintiffs and the Class seek an order for injunctive relief to benefit the public, including a corrective advertising campaign, requiring Defendants to make full disgorgement and restitution of all monies that have been wrongfully obtained from Plaintiffs and the Class, and all other relief permitted under Bus. & Prof. Code § 17200, *et seq*.

## FIFTH CLAIM FOR RELIEF

**Violation of Cal. Bus. & Prof. Code § 17200, *et seq*. –
"Unlawful" Business Practices**

CLASS ACTION COMPLAINT

73.     Plaintiffs, individually and on behalf of the Class, incorporate by reference all of the allegations contained in paragraphs 1 through 57 of this Complaint.

74.     Plaintiffs have standing to pursue this claim as Plaintiffs have suffered injury in fact and have lost money or property as a result of Defendants' actions, as set forth above.

75.     Defendants' actions as alleged in this complaint constitute "unlawful" business practices within the meaning of Business and Professions Code § 17200, *et seq.*, because they violated California Civil Code § 1750, *et seq.*, among other laws, and breached applicable agreements and warranties, as set forth in detail herein.

76.     As a result of Defendants' "unlawful" business practices, Plaintiffs and members of the Class spent money on GT 72/80 series of laptops that they would not otherwise have spent at the levels that they paid and did not receive the capabilities promised by Defendants in terms of the capability to upgrade to later generation NVIDIA GPUs.

77.     Defendants' business practices alleged herein constituted a continuing course of unfair competition.

78.     Plaintiffs and the Class seek an order for public injunctive relief to benefit the public, including a corrective advertising campaign, requiring Defendants to make full disgorgement and restitution of all monies wrongfully obtained from Plaintiffs and the Class, and all other relief permitted under Bus. & Prof. Code § 17200, *et seq.*

## SIXTH CLAIM FOR RELIEF

### Common Counts – Assumpsit, Restitution, Unjust Enrichment and Quasi-Contract

79.     Plaintiffs, individually and on behalf of the Class, incorporate by reference all of the allegations contained in paragraphs 1 through 57 of this Complaint.

80.     As an alternative to the claims for relief based on breach of agreements, Plaintiffs and the Class plead just grounds for recovering money to pay for benefits Defendants received from them, and have a right to restitution at law through an action

derived from the common-law writ of assumpsit, by implying a contract at law based on principles of restitution and unjust enrichment, or through quasi-contract.

81. Defendants, having received such benefits, are required to make restitution as the circumstances here are such that, as between the two, it is unjust for Defendants to retain such monies based on the conduct described above. Such money or property belongs in good conscience to Plaintiffs and Class members, and can be traced to funds or property in Defendants' possession. Plaintiffs and Class members have unjustly enriched Defendants through payments and the resulting profits enjoyed by Defendants as a direct result of payments for the laptop computers in question. Their detriment and Defendants' enrichment were related to and flowed from the conduct challenged in this Complaint.

82. By virtue of the purchase and sale of these GT 72/80 laptops, Defendants entered into a series of implied-at-law or quasi-contracts that resulted in a sum certain being had and received by Defendants, either directly or indirectly, at the expense of Plaintiffs and Class members under agreements in assumpsit. Plaintiffs and other Class members conferred a benefit upon Defendants by purchasing such laptops. Defendants had knowledge of the general receipt of such benefits, which Defendants received, accepted, and retained.

83. Under principles of restitution recognized under California law, an entity that has been unjustly enriched at the expense of another is required to make restitution to the other. In addition, under common law principles recognized in claims of common counts, assumpsit, unjust enrichment, restitution, and/or quasi-contract, under the circumstances alleged herein it would be inequitable for Defendants to retain such benefits without paying restitution or restitutionary damages. Defendants should not be permitted to retain the benefits conferred via payments by Plaintiffs and Class members, and other remedies and claims may not permit them to obtain such relief, otherwise leaving them without an adequate remedy at law.

84. Plaintiffs and Class members seek appropriate monetary relief for sums certain as is permitted by law for such claims. In addition, pursuant to California Civil

Code § 2224, "[o]ne who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust, or other wrongful act, is, unless he or she has some other and better right thereto, an involuntary trustee of the thing gained, for the benefit of the person who would otherwise have had it." Based on the facts and circumstances alleged above, in order to prevent unjust enrichment and to prevent Defendants from taking advantage of their own wrongdoing, Plaintiffs and Class members are further entitled to the establishment of a constructive trust, in a sum certain, of all monies charged and collected or retained by Defendants for the products at issue from which Plaintiffs and Class members may seek restitution.

## SEVENTH CLAIM FOR RELIEF

### Violation of Cal. Bus. & Prof. Code § 17500, *et seq*. – False or Misleading Advertising

85.    Plaintiffs, individually and on behalf of the Class, incorporate by reference all of the allegations contained in paragraphs 1 through 57 of this Complaint.

86.    Plaintiffs have standing to pursue this claim as Plaintiffs have suffered injury in fact and has lost money or property as a result of Defendants' actions as set forth above.

87.    Defendants engaged in the advertising and marketing alleged herein with the intent to directly or indirectly induce the sale of GT 72/80 laptops to consumers such as Plaintiffs and Class members. Such advertisements were made in or originated from California.

88.    Defendants' advertising and marketing representations regarding the ability of consumers to upgrade the GT 72/80 series of laptops to later generations of NVIDIA GPUs were false, misleading, and deceptive for the reasons set forth in detail above. Defendants also concealed material information from consumers about the true capabilities of the GT 72/80 series of laptops in terms of the inability to upgrade such devices, as set forth in detail above.

89.    Defendants' material misrepresentations and omissions of material fact alleged herein either deceived or have the tendency or likelihood to deceive the general

public and consumers targeted by such advertisements regarding the benefits of purchasing the GT 72/80 series of laptops in terms of their capability to be upgraded to later generations of NVIDIA GPUs.

90.     At the time Defendants made the misrepresentations and omissions of material fact as alleged herein, Defendants reasonably should have known that such statements were untrue or misleading and/or did not fully correct previous statements to the contrary when they became aware of the true facts, in violation of Bus. & Prof. Code § 17500, *et seq*.

91.     Plaintiffs and the Class seek an order for public injunctive relief to benefit the public, including a corrective advertising campaign, requiring Defendants to make full disgorgement and restitution of all monies wrongfully obtained from Plaintiffs and the Class, and all other relief permitted under Bus. & Prof. Code § 17500, *et seq*.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves and the Class, request that the Court order the following relief and enter judgment against Defendants as follows as applicable for the particular cause of action:

/ / /

1.     An Order certifying the proposed Class and appointing Plaintiffs and counsel to represent the Class;

2.     An Order awarding declaratory and/or public injunctive relief as permitted by law or equity, including enjoining Defendants from continuing the practices as set forth herein;

3.     An order that Defendants engage in a corrective advertising campaign and imposing a constructive trust;

4.     A judgment awarding Plaintiffs and the Class refunds, restitution and/or restitutionary disgorgement in an amount according to proof;

CLASS ACTION COMPLAINT

5.      A judgment awarding Plaintiffs and the Class actual, compensatory, general, special, statutory and/or exemplary damages;

6.      An order awarding attorneys' fees and costs incurred in prosecuting this action pursuant to, *inter alia,* Code of Civ. Proc. § 1021.5;

7.      An order awarding pre-judgment and post-judgment interest; and

8.      All other relief that the Court deems necessary, just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a trial of this action by a jury on all claims so triable.

DATED:  April 28, 2017                       WESTERMAN LAW CORP.

By:    /s/ Jeff S. Westerman
Jeff S. Westerman (SBN 94559)
jwesterman@jswlegal.com
1875 Century Park East, Suite 2200
Los Angeles, CA 90067
Tel: (310) 698-7880
Fax: (310) 698-7452

CONSUMER LAW GROUP OF CALIFORNIA

By:
Alan M. Mansfield (SBN 125998)
alan@clgca.com
16870 W. Bernardo Dr., Suite
San Diego, CA  92127
Tel: (619) 308-5034
Fax: (855) 274-1888

*Attorneys for Plaintiffs*