UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-3231-CAS(AFMx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | CASEY THORNTON ET AL. v. MICRO-STAR INTERNATIONAL CO., LTD. ET AL. | | |

O

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Connie Lee | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Jeff Westerman | Bryan Merryman |
| Alan Mansfield | |

| Proceedings: | DEFENDANT MSI COMPUTER CORP.'S MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT (Dkt. 37, filed September 25, 2017) |
|---|---|

## I. INTRODUCTION

On April 28, 2017, plaintiffs Casey Thornton and Carl Jones filed a class action complaint against defendants MSI Computer Corp ("MSI"), Micro-Star International Co., Ltd. ("Micro-Star), and Does 1 through 25.[1] Dkt. 1. On August 21, 2017, the Court dismissed without prejudice plaintiffs' complaint for failure to adequately plead their fraud-based claims and claims for breach of contract, breach of implied warranty of merchantability, and common counts. Dkt. 32. On September 11, 2017, plaintiffs filed a First Amended Complaint against MSI and Does 1 through 10. Dkt. 36 ("FAC").

Plaintiffs assert the following eleven claims on behalf of themselves and all others similarly situated: (1) breach of contract; (2) violation of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, et seq.; (3) unfair business practices in

---

[1] The Court subsequently dismissed Does 11–25. Dkt. 13. On August 17, 2017, plaintiffs filed a notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) as to Micro-Star. Dkt. 31.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-3231-CAS(AFMx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | CASEY THORNTON ET AL. v. MICRO-STAR INTERNATIONAL CO., LTD. ET AL. | | |

violation of Cal. Bus. & Prof. Code § 17200, et seq. ("UCL"); (4) deceptive business practices in violation of the UCL; (5) unlawful business practices in violation of the UCL; (6) breach of express warranties; (7) breach of implied warranties of merchantability and fitness for a particular purpose; (8) violation of the Song-Beverly Warranty Act, Cal. Civ. Code § 1790, et seq.; (9) violation of the Magnuson-Moss Warranty Act, 15 U.S.C § 2301, et seq.; (10) common counts of assumpsit, restitution, unjust enrichment, and quasi-contract; and (11) false or misleading advertising in violation of Cal. Bus. & Prof. Code § 17500, et seq. ("FAL"). See FAC.

Plaintiffs allege that MSI made misrepresentations and omissions regarding the capabilities of certain gaming laptops, which MSI manufactures, markets, and sells. Specifically, plaintiffs allege that MSI misrepresented that these laptops would be upgradeable to two future generations of NVIDIA graphics processing units ("GPUs"). This purported ability to receive upgrades would extend the technological capacity of the gaming laptops, allowing purchasers to update their laptops with new GPUs rather than buying new laptops.

On September 25, 2017, MSI filed the instant motion to dismiss plaintiffs' complaint. Dkt. 37 ("MTD"). Plaintiffs filed their opposition to MSI's motion to dismiss on November 3, 2017. Dkt. 42 ("Opp'n"). On November 20, 2017, MSI filed its reply. Dkt. 43 ("Reply").

Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

Plaintiffs allege the following facts.

MSI is a California corporation that designs, manufactures, sells, and distributes computers, including the GT series of laptops computers at issue here. Compl. ¶ 7. The Doe defendants allegedly engaged in conduct authorized by officers or managing agents of defendants responsible for the supervision and operations decision relating to design, manufacture, distribution, marketing, advertising, and sale of the laptop products at issue. Id. ¶ 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-3231-CAS(AFMx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | CASEY THORNTON ET AL. v. MICRO-STAR INTERNATIONAL CO., LTD. ET AL. | | |

Plaintiffs allege that MSI represented that its GT72 series and GT80 series laptops ("Laptops"), which are special types of gaming laptops, could be upgraded to receive higher end graphics processing units ("GPUs") manufactured by NVIDIA Corp. ("NVIDIA"). Compl. ¶ 11. Plaintiffs specifically allege that

> as part of MSI's marketing scheme, promotion and advertising for the GT 72/80 laptops, MSI uniformly stated through their website, reviewers' guides, product documentation and user fora that the GT 72/80 laptops would be able to be upgraded from NVIDIA's 800 or 900 series of GPUs, which were included with these laptops, to up to two later generation NVIDIA GPUs.

Id. ¶ 11. However, plaintiffs contend that the Laptops were in fact not upgradeable, as the Laptops could not be upgraded from NVIDIA's 800 or 900 series of GPUs to the present 1000 series of NVIDIA Pascal GeForce GTX GPUs. Id. ¶ 12. Plaintiffs allege that MSI engaged in a scheme to mislead consumers about the characteristics, qualities, and benefits of the Laptops, concealed material facts regarding the Laptops upgrade capabilities, and that it has thus far failed to ensure that consumers receive the full benefit of their bargain. Id. ¶¶ 12, 13.

Plaintiffs assert that MSI designed, developed, manufactured, marketed, and sold the Laptops. Id. ¶ 14. The Laptops were first released to consumers in or about November of 2014. Id. MSI allegedly made available several reviewers' guides about the benefits and characteristics of these Laptops, created and disseminated misleading marketing materials regarding the Laptops' upgradeability, and provided express or implied warranties regarding their upgradeability. Id. Specifically, through its sales force and third-party reviewers and reviewers' guides, MSI represented that the Laptops could be upgraded to up to *two* later generations of NVIDIA GPUs. Id. ¶ 15. Plaintiffs provide URLs that they allege demonstrate MSI's representations regarding the upgradeability of the Laptops. Id. Moreover, plaintiffs reference online reports from reviewers who spoke with MSI representatives and published videos with MSI representatives either speaking or present. Id. ¶ 16. These reports allegedly confirm that MSI uniformly represented that the Laptops were upgradeable. Id.

Plaintiffs allege that a gaming laptop can become obsolete in two years or less based on rapid changes in GPU processing speed and capability, in addition to video

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-3231-CAS(AFMx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | CASEY THORNTON ET AL. v. MICRO-STAR INTERNATIONAL CO., LTD. ET AL. | | |

game graphics processing demands.  Id.  Gaming laptops typically cost over a thousand dollars, whereas a new GPU only costs several hundred dollars.  Id.  Accordingly, plaintiffs allege, MSI could advertise and promise these laptops as being for a particular purpose—i.e., upgradeable—due to these rapid changes in video game design and processor technology.  Id.

Before plaintiffs purchased their MSI computers, plaintiffs were exposed to materials that referenced either generally or specifically the ability to upgrade the Laptops to later generations of NVIDIA GPUs.  Id. ¶ 17.  In response to these alleged representations, plaintiffs paid between $1,700 and $3,000 for their Laptops, which they allege is a premium over other comparable laptops.  Id. ¶ 19.  Specifically, plaintiff Thornton purchased an MSI GT72 series laptop computer at Fry's Electronics in San Deigo, California for $1,784.91 on or about January 1, 2016.  Id. ¶ 4.  Plaintiff Jones purchased an MSI GT80 series laptop computer through Amazon.com for $3,047.91 on or about January 22, 2016.  Id. ¶ 5.  Some putative class members paid up to $5,000 for various iterations of the Laptops.  Id. ¶ 19.

Despite MSI's allegedly uniform representations to the contrary, plaintiffs assert that the Laptops did not yield the advertised and promised benefits.  Id. ¶ 20.  Beginning in approximately May 2016, NVIDIA made available the Pascal GeForce GTX 1000 series of NVIDIA GPUs.  Id.  Plaintiffs decided to upgrade their laptops in May 2016 to this new 1000 series, but subsequently learned in August 2016 that they could not do so and that their laptops were in fact not upgradeable to the next generation of NVIDIA GPUs.  Id. ¶ 6. MSI has since admitted that their manufacture or design of the Laptops will not permit an upgrade to this series of GPUs.  Id. ¶ 20.  Plaintiffs allege that, in response to pre-litigation demands, MSI admitted in November 2016 that it "originally planned to honor our agreement to provide an upgrade kit option to all those who wished to upgrade graphics card.  Due to unforeseen hardware limitation with the new NVIDIA GeForce 10-series graphic card, we were not able to provide this option."  Id.

Plaintiffs allege that, according to its website, MSI designs and manufactures all of its products in-house, and that MSI offered for sale its own version of the Pascal GeForce GTX 1000 series of GPUs beginning May 2016.  Id. 21.  Accordingly, based on this line of business, MSI would have known months before the official release the design specifications of the next generation NVIDIA GPUs.  Id.  Moreover, plaintiffs allege that in March of 2014, prior to the first public sale of the Laptops, NVIDIA announced at a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-3231-CAS(AFMx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | CASEY THORNTON ET AL. v. MICRO-STAR INTERNATIONAL CO., LTD. ET AL. | | |

conference that it was reconfiguring its NVIDIA GPU roadmap and would move the release of the Pascal series of GPUs to 2016. Id. According to plaintiffs, such an announcement would put MSI on notice that a significant change in GPU architecture design would be incorporated into the next generation of NVIDIA GPUs. Id. In addition to this, plaintiffs allege that NVIDIA provides its GPU design specifications to computer and GPU manufacturers such as MSI months before actual public release of the devices. Id. ¶ 22.

As a result of the likelihood that MSI knew that the Laptops could not in fact be upgradeable to the next generation of NVIDIA GPUs, plaintiffs contend that it uniformly failed to disclose the true specifications of and latent defects in the Laptops. Id. ¶ 23. Plaintiffs allege that MSI's misstatements and uniform omission of fact about the Laptops' upgradeability was material and misleading to reasonable consumers. Id. Because the upgradeability claims were included in advertisements, marketing, reviewers' guides labeling, packaging, documents, and agreements accompanying these Laptops, a reasonable consumer purchasing these Laptops would likely be misled into believe that these Laptops were upgradeable to two later generation NVIDIA GPUs. Id. ¶ 24. Plaintiffs allege that they purchased the Laptops in substantial part based on the false belief that these computers would be upgradeable and function as advertised. Id. ¶ 25. Accordingly, plaintiffs contend they were sold Laptops that did not perform or possess the capabilities, uses, or benefits advertised and represented, and contained a latent design or manufacturing defect that precludes their upgradeability to two later generations of NVIDIA GPUs. Id.

Plaintiff Jones and plaintiffs' counsel made pre-litigation demands to MSI for an appropriate refund, replacement, or other remedy, and to provide notice to all affected consumers. Id. ¶ 26. MSI representatives offered to extend their trade-in program to some individuals, which plaintiffs contend is unfair to consumers because it requires them to pay more to achieve the benefit of the original bargain. Id.

Plaintiffs allege that the Laptops are marketed without either affirmatively disclosing the material limitations or having engaged in a corrective promotional campaign, and that such conduct is ongoing. Id. ¶ 30.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**O**

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-3231-CAS(AFMx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | CASEY THORNTON ET AL. v. MICRO-STAR INTERNATIONAL CO., LTD. ET AL. | | |

## III. LEGAL STANDARD

### A. Rule 12(b)(6)

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "[F]actual allegations must be enough to raise a right to relief above the speculative level." Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-3231-CAS(AFMx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | CASEY THORNTON ET AL. v. MICRO-STAR INTERNATIONAL CO., LTD. ET AL. | | |

Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

**B.	Rule 9(b)**

Federal Rule of Civil Procedure 9(b) requires that the circumstances constituting a claim for fraud be pleaded with particularity. Rule 9(b) applies not just where a complaint specifically alleges fraud as an essential element of a claim, but also where the claim is "grounded in fraud" or "[sounds] in fraud." Vess v. Ciba–Geigy Corp. U.S.A., 317 F.3d 1097, 1103–04 (9th Cir. 2003). A claim is said to be "grounded in fraud" or "sounds in fraud" where a plaintiff alleges that defendant engaged in fraudulent conduct and relies solely on that conduct to prove a claim. Id. at 1103. "In that event, . . . the pleading of that claim as a whole must satisfy the particularity requirement of [Rule] 9(b)." Id. at 1103–4. However, where a plaintiff alleges claims grounded in fraudulent and non-fraudulent conduct, only the allegations of fraud are subject to heightened pleading requirements. Id. at 1104.

A pleading is sufficient under Rule 9(b) if it "[identifies] the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Walling v. Beverly Enters., 476 F.2d 393, 397 (9th Cir. 1973). This requires that a false statement must be alleged, and that "circumstances indicating falseness" must be set forth. In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Thus, Rule 9(b) requires a plaintiff to "identify the 'who, what, when, where and how of the misconduct charged,' as well as 'what is false or misleading about [the purportedly fraudulent conduct], and why it is false.'" Cafasso, ex rel. United States v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting Ebeid ex rel. United States v. Lungwitz, 616 F.3d 993, 998 (9th Cir. 2010)).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). This policy is applied with "extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990); Moss v. Secret Serv., 572 F.3d 962, 972 (9th Cir. 2009). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-3231-CAS(AFMx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | CASEY THORNTON ET AL. v. MICRO-STAR INTERNATIONAL CO., LTD. ET AL. | | |

challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## IV. DISCUSSION

### A. Plaintiffs' Fraud-Based Claims and Pleading Pursuant to Rule 9(b)

MSI argues that plaintiffs' allegations supporting its CLRA, UCL, and FAL claims fail to meet Rule 9(b)'s heightened pleading standard. MTD at 5. It contends that, though the Court found that plaintiffs' allegations were deficient only as to the "where" of the alleged misconduct, the new allegations reveal new deficiencies and undermine the Court's earlier findings. Id. at 6.

Specifically, MSI asserts that that the "who" and "how" is lacking, as the FAC contains no facts alleging that *MSI* made specific representations to plaintiffs, and that plaintiffs fail to allege how MSI violated any of the referenced subdivisions of the CLRA. Id. With respect to the "what," MSI asserts that the statements upon which plaintiffs purportedly relied do not represent that the Laptops would be upgradeable beyond their current NVIDIA GT 800 or 900 series GPUs to the next two generations of NVIDIA GPUs. Id. Moreover, MSI asserts that plaintiffs do not clearly identify which MSI laptops they purchased, so it is impossible to know whether the attached statements in the FAC are relevant to the purchased laptops. Id. at 7. With respect to plaintiffs' omission-based claims, MSI argues that they fail to allege what information MSI had in its specific possession and should have disclosed. Id. Regarding the "when," MSI asserts that plaintiffs do not allege when specifically *they* saw the alleged misrepresentations. Id.

In sum, MSI argues that plaintiffs' allegations are contradicted by the various documents and videos referenced in the FAC, and that these documents and videos do not support the allegation that MSI uniformly stated that *plaintiffs'* Laptops would be upgradeable to two later generation of NVIDIA GPUs. Id. MSI cites the Ninth Circuit's decision in Sprewell v. Golden State Warriors for the proposition that a plaintiff can plead himself out of a claim by including unnecessary details contrary to his claims. 266 F.3d 979 (9th Cir. 2001). And here, MSI argues, plaintiffs omit information regarding which GT72 or GT80 series laptops they purchased, and omit information regarding which GPUs came with the laptops. Id. at 7–8. Accordingly, MSI contends that the cited

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-3231-CAS(AFMx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | CASEY THORNTON ET AL. v. MICRO-STAR INTERNATIONAL CO., LTD. ET AL. | | |

statements in the FAC only support the inference that (1) the GTX 870M and 880M GPUs of *certain* GT72 laptops could be upgraded to GTX 970M or 980M GPUs; (2) *certain* GT72 laptops with a GTX 980M GPU also had a replaceable graphics module; and (3) GT72 laptops were not equipped to support more than a GTX 980M GPU. Id. With respect to the GT80 laptops, the cited statements in the FAC only reference one particular GT80 laptop—the GT80 Titan SLI—and it is not clear whether Jones purchased this particular laptop. Id. at 11. Moreover, MSI argues that third parties—not MSI—made the majority of the representations cited in the FAC with respect to the GT80 series. Id.

The Court concludes that plaintiffs must plead which particular laptops they purchased within the GT72 and GT80 series, and which particular GPUs those laptops contained. Plaintiffs allege that the GT72 and GT80 Laptops would be upgradeable from NVIDIA's *800* or *900* series of GPUS to up to *two later* generations of NVIDIA GPUs. FAC ¶ 11. These allegations do not appear to be supported by the referenced documents and videos.

With respect to the GT72 and GT80 series, plaintiffs reference MSI's website statement in paragraph 15(a)—attached to the FAC in Exhibit 1—which provides that "MSI is the first and the only one in the market to offer MXM Graphics Card Upgrade Kit, making the dream of future updates come true. Whenever the next generation GPU is out in the market, you get to experience the most up-to-date gaming effects by simply replacing the GPU model." However, it is unclear *to which laptop* this statement refers—or whether it is generally applicable to all laptops—and accordingly, whether this statement supports plaintiffs' allegations that their GT72/80 Laptops would be upgradeable to two later generations of NVIDIA GPUs .[2]

With respect to the GT72 series, the referenced documents and videos only indicate limited upgradeability of the GT72 laptops. Plaintiffs' photos proffered in Exhibit 2—alleged photos of GT72 product packaging—do not identify which particular GPU was included with the GT72 product, and only provide that the product is "next generation GPU ready." Therefore, it is not clear from this Exhibit whether two

---

[2] The Court relies on Exhibit 1 to the FAC to reach this conclusion, insofar as the URL link that plaintiffs provide in paragraph 15(a) does not contain the referenced representation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-3231-CAS(AFMx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | CASEY THORNTON ET AL. v. MICRO-STAR INTERNATIONAL CO., LTD. ET AL. | | |

generations of upgradeability would include an upgrade to the Pascal GeForce GTX 1000 series, the series to which Thornton wanted to upgrade but learned was not possible. See FAC & Ex. 2. Additionally, the video referenced in paragraph 16(b) includes statements from an MSI representative that the GT72 laptop "supports *up to* 980M" and that the MXM graphics cards can be upgradeable from a "970 to a 980, and in the future, future cards as well." These statements do not support plaintiffs' allegations that the GT72 would be upgradeable from NVIDIA's 800 or 900 series to up to *two later generation* NVIDIA GPUs. Similarly, the video referenced in paragraph 16(c) pertains to a *GT80 series* laptop, and accordingly, this video does not support Thornton's allegations—who purchased a GT72 series laptop—that he reviewed the statements in this video and believed that his GT72 laptop was upgradeable to two later generations of NVIDIA GPUs.

In paragraph 15(d), plaintiffs reference an MSI manual that details the process of upgrading a GT72 laptop to a GTX 900 series GPU. In paragraph 15(f), plaintiffs also reference MSI's product features on its website, which indicates that that GT72 laptops including the 970 and 980 GPUs are upgradeable. Thornton, however, does not identify which GPU his GT72 laptop contained. This lack of critical information poses a problem for understanding the significance of plaintiffs' referenced documentation and videos, upon which Thornton allegedly relied.

For example, plaintiffs proffer a video in paragraph 15(c) in which an MSI employee represents that "if you purchase a GT72, which actually comes with the 980M or 970M, you don't need to feel like you've missed on something because it will actually be upgradeable to the next generation NVIDIA GPUs, which we don't have an exact date, but maybe late 2015 or so. So, the GT72 is a properly upgradeable gaming notebook from MSI." FAC ¶ 15(c). The MSI employee also states that the 870M or 880M graphics solution-based GT72 laptops are upgradable to the 970M or even 980M GPUs. Though the former statement regarding GT72 laptops with 980M or 970M GPUs may very well support Thornton's allegations that his laptop was not, in fact, upgradeable to the GTX 1000 series of NVIDIA GPUs, the FAC does not detail whether Thornton owned a GT72 with an 870M or 880M GPU, which would only be upgradeable to a 970M or 980M GPU according to this video. Similarly, the text that plaintiffs reference in paragraph 15(e) provides that GT72 laptops with 870M or 880M GPUs are upgradeable to 970M or 980M GPUs, and that GT72 laptops with 970M and 980M GPUs are upgradeable to future graphics generations in 2015. However, the paucity of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-3231-CAS(AFMx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | CASEY THORNTON ET AL. v. MICRO-STAR INTERNATIONAL CO., LTD. ET AL. | | |

allegations regarding the kind of GPU that Thornton's GT72 laptop contains again prevents the Court from ascertaining the significance of plaintiffs' referenced documents and videos.

With respect to MSI's GT80 series, which is the series of laptop that Jones is alleged to have purchased, a similar deficiency exists with respect to the FAC's allegations. The statements upon which Jones claims to have reviewed and relied are set forth in paragraphs 16(a) through (d). However, these statements all concern one particular GT80 laptop: the GT80 Titan SLI. Because it is not clear from the pleadings which particular GT80 laptop Jones purchased, the Court invites plaintiffs to provide information on this matter so that the Court may properly understand the significance of the comments identified in paragraphs 16(a) through (d).[3]

At this juncture, because plaintiffs' CLRA, UCL, and FAL claims sound in fraud—as determined in the Court's August 21, 2017 order—the Court concludes that plaintiffs fail to provide "what" was misleading about the representations referenced in the FAC in light of the fact that plaintiffs do not clearly identify which GT72 and GT80 laptops they purchased, and which GPUs were sold with the particular laptops. At oral argument on December 4, 2017, plaintiffs' counsel indicated that plaintiffs would allege the particular computer models and GPUs that they purchased in an amended complaint. Accordingly, the Court **DISMISSES** without prejudice plaintiffs' second, third, fourth, fifth, and eleventh fraud-based claims.[4]

---

[3] Assuming arguendo that Jones indeed purchased a GT80 Titan SLI laptop, then reading the FAC in the light most favorable to plaintiffs, plaintiffs' assertion that an MSI representative participated in the demonstration identified in paragraph 16(c) is taken as true. MSI fails to cite any case law demonstrating that MSI can disclaim responsibility for statements made during a third-party review demonstration where an MSI representative physically holds the MSI laptop that is being reviewed. MSI makes no argument as to why MSI's participation in the demonstration does *not* amount to MSI's endorsement or approval of the factual statements made in the review.

[4] Insofar as MSI argues that plaintiffs fail to state omission-based CLRA, UCL, and FAL claims, that plaintiffs' allegations undermine their CLRA claims, and that plaintiffs' UCL claims fail as a matter of law, the Court finds that these claims fail due to plaintiffs' failure to specify what particular laptop models they purchased, and what particular

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-3231-CAS(AFMx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | CASEY THORNTON ET AL. v. MICRO-STAR INTERNATIONAL CO., LTD. ET AL. | | |

### C. Plaintiffs' Breach of Contract Claim

Plaintiffs' first claim alleges breach of contract. FAC ¶¶ 40–50. Plaintiffs allege that MSI expressly offered that the Laptops would be upgradeable to two later generations of NVIDIA GPUs through the written materials accompanying the Laptops, specific statements on the product labeling and packaging, and the product advertising to which plaintiffs were exposed. Id. ¶ 41. Plaintiffs allege that the product advertising constituted a specific offer because it invited performance of a specific act and left nothing for negotiation. Id. ¶ 42. Plaintiffs claim that, after plaintiffs and class members accepted the offer and paid consideration, MSI asserted that it could not honor the commitment and agreement, and therefore it breached the agreement. Id. ¶ 44.

MSI contends that plaintiffs' breach of contract claim fails on its face because plaintiffs purchased their MSI laptops from third parties, and accordingly, privity between plaintiffs and MSI does not exist. MTD at 16 (citing Clemens v. DaimlerChrysler Corp., 534 F.3d 1017, 1023 (9th Cir. 2008)). Moreover, MSI argues that plaintiffs' own allegations do not demonstrate that MSI made an offer to sell the GT72 and GT80 series of gaming laptops with a specific offer that these laptops would be upgradeable to the next two generations of NVIDIA GPUs. Reply at 7.

Plaintiffs respond that, as alleged in FAC ¶¶ 14–16 and 41–45, MSI "clearly and unequivocally made an offer to sell the GT72/80 series of gaming laptops with a specific offer that these laptops would be upgradeable to the next generations of NVIDIA GPUs, and even stated it had a specific replacement program in place to do so." Opp'n at 11. In addition, MSI made offers as to the upgradeability of these Laptops on product packaging, which, when accepted by plaintiffs, is sufficient to create a contract. Id. (citing Sateriale v. R.J. Reynolds Tobacco Co., 697 F.3d 777, 787 (9th Cir. 2012)). Because these representations are between the buyer and the seller, plaintiffs argue that privity is not a prerequisite for asserting this claim.

The Court finds that, because there are no allegations demonstrating which particular Laptop models plaintiffs owned and which particular GPUs were contained within them, plaintiffs' referenced documents and videos do not provide a basis for finding that MSI made an offer to plaintiffs regarding the upgradeability of *their*

GPUs were contained in these laptop models. Without this information, the Court is unable to determine whether MSI's alleged omissions are material to plaintiffs' claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

CIVIL MINUTES - GENERAL

| Case No. | CV17-3231-CAS(AFMx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | CASEY THORNTON ET AL. v. MICRO-STAR INTERNATIONAL CO., LTD. ET AL. | | |

*particular* laptops. Accordingly, plaintiffs' breach of contract claims fails for that reason alone. The Court **DISMISSES** without prejudice plaintiffs' claim for breach of contract.

### D. Plaintiffs' Express Warranty Claims

Plaintiffs' sixth claim alleges breach of express warranty in violation of California common law. FAC ¶¶ 82–93. They allege that MSI, as the designer, manufacturer, marketer, distributor, and seller of the Laptops expressly warranted through its advertising and product packaging that the Laptops that contained the 800 or 900 series of NVIDIA GPUs were upgradeable to up to two generations of NVIDIA GPUs. Id. ¶ 83. Plaintiffs contend that these statements amounted to promises that relate to the performance, quality, capabilities, and usage of the Laptops insofar as they could be upgraded to later generation NVIDIA GPUs. Id. ¶ 84. Moreover, MSI's express warranties that accompanied these laptops—attached in Exhibit 4—warranted that the Laptops were free from defects. Id. ¶ 85. Plaintiffs assert that MSI breached this express warranty when, in August 2016, it admitted that the Laptops were not upgradeable to later generations of NVIDIA GPUs.

MSI argues that plaintiffs' allegations in the FAC fail to support the allegation that MSI "explicitly and expressly warranted … that the GT72/80 laptops that contained the 800 or 900 series of NVIDIA GPUs were upgradeable to up to two generations of NVIDIA GPUs." MTD 17. MSI contends that, accordingly, plaintiffs' allegations fail to support a reasonable inference that MSI made such a representation because neither the purported warranties attached in Exhibit 4 nor the alleged advertising statements on which plaintiffs relied upon make such a promise. Id. In addition, the limited warranty that plaintiffs attached to the FAC allows customers to contact MSI for service if a purchased laptop "becomes defective under proper usage," and does not mention upgradeability whatsoever. Reply at 8.

Plaintiffs respond that, as set forth in the FAC, MSI made detailed and objective claims about the Laptops' upgradeability. Opp'n at 13.

To plead a claim for breach of express warranty, a plaintiff must allege that the seller "(1) made an affirmation of fact or promise or provided a description of its goods; (2) the promise or description formed part of the basis of the bargain; (3) the express warranty was breached; and (4) the breach caused injury to the plaintiff." Asghari v. Volkswagen Grp. of Am., Inc., 42 F. Supp. 3d 1306, 1333–34 (C.D. Cal. 2013) (Morrow,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-3231-CAS(AFMx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | CASEY THORNTON ET AL. v. MICRO-STAR INTERNATIONAL CO., LTD. ET AL. | | |

J.) (quotation marks omitted). As identified in the Court's analysis above, plaintiffs' allegations fail to support an express warranty that plaintiffs' Laptops would be upgradeable to two future generations of NVIDIA GPUs. Because the allegations neither detail what particular model of MSI laptops plaintiffs owned nor what particular GPUs the laptops contained, the Court is unable to ascertain whether MSI's alleged representations referenced in paragraphs 15 and 16 of the FAC constitute an express warranty. Accordingly, the FAC's allegations fail to demonstrate a promise by MSI that formed the basis of its bargain with plaintiffs. The Court therefore **DISMISSES** without prejudice plaintiffs' sixth claim for breach of express warranty.

### E. Plaintiffs' Implied Warranty Claims

Plaintiffs' assert claims for breach of implied warranty in violation of California Commercial Code sections 2314 and 2316, the Song-Beverly Act, and the Magnuson-Moss Act in their seventh, eighth, and ninth claims. FAC ¶¶ 94–122.

MSI argues that plaintiffs' claims for breach of implied warranty fail because plaintiffs lack the requisite vertical privity with MSI, plaintiffs fail to allege that their Laptops did not meet a minimum level of quality, and because plaintiffs fail to show that the Laptops were not fit for computer gaming. MTD at 19–22.

Plaintiffs, in turn, argue that the Laptops fail to conform to MSI's product labeling and representation that the Laptops would be upgradeable. Opp'n at 18–24.

As an initial matter, MSI has not demonstrated any reason for reconsideration of the Court's prior ruling that plaintiffs' lack of vertical privity with MSI did not bar plaintiffs' implied warranty claims due to the intended beneficiary exception. See L.R. 7-18 (permitting a motion to be made for reconsideration in light of changed facts or law, facts or law that could not reasonably be presented at the time of the initial ruling, or where on a "manifest showing of a failure to consider material facts"). Nevertheless, because plaintiffs premise their implied warranty claims on MSI's alleged misrepresentations regarding the Laptops' upgradeability to two future generations of NVIDIA GPUs, see FAC ¶¶ 96–97, 108–110, 120, these implied warranty claims fail for the reasons identified above. Accordingly, the Court **DISMISSES** without prejudice plaintiffs' seventh, eighth, and ninth claims for breach of implied warranty.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

CIVIL MINUTES - GENERAL

| Case No. | CV17-3231-CAS(AFMx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | CASEY THORNTON ET AL. v. MICRO-STAR INTERNATIONAL CO., LTD. ET AL. | | |

### F. Plaintiff's Common Counts

Alternatively, plaintiffs assert claims for relief based on assumpsit, implied contract based on principles of restitution and unjust enrichment, or quasi-contract. FAC. ¶¶ 123-128. Plaintiffs base these common counts on MSI's alleged misrepresentations with respect to the upgradeability of the Laptops to later generation NVIDIA GPUs. Id. ¶ 128.

MSI moves to dismiss plaintiffs' common counts because: (1) plaintiffs fail to allege that their Laptops have no value; (2) plaintiffs' claims for unjust enrichment and restitution are not recognized by California law as proper claims; (3) these claims are duplicative of plaintiffs' other claims; and (4) plaintiffs cannot allege a claim based on quasi-contract as an alternative to a claim based on express contract or warranty. MTD at 22–24.

Plaintiffs contend that the *only* deficiency the Court found in plaintiffs' claim for common counts in its original Complaint was the need to add allegations regarding a sum certain. Opp'n at 24. The Court observes that its prior Order indeed identified this deficiency in plaintiffs' Complaint—however, the Court did not engage in any further analysis on whether the common counts were otherwise deficient. Here, though MSI makes numerous arguments regarding the deficiencies in plaintiffs' pleading of common counts, the Court concludes that plaintiffs' claims are **DISMISSED** without prejudice for the reasons identified above—namely, plaintiffs' failure to allege that MSI's representations regarding the upgradeability of MSI laptops pertain to plaintiffs' particular models.

### V. CONCLUSION

In accordance with the foregoing, the Court **DISMISSES** without prejudice the entirety of plaintiffs' claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV17-3231-CAS(AFMx) | Date | December 4, 2017 |
|---|---|---|---|
| Title | CASEY THORNTON ET AL. v. MICRO-STAR INTERNATIONAL CO., LTD. ET AL. | | |

Plaintiffs may file an amended complaint on or before **December 27, 2017** addressing the deficiencies identified herein. Failure to do so may result in dismissal of the FAC with prejudice.

IT IS SO ORDERED.

|  | 00 | : | 10 |
|---|---|---|---|
| Initials of Preparer | | CL | |